■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL SIMMONS, Appellant.—Judgment of the Supreme Court, New York County (Robert Haft, J.), rendered on April 16, 1987, convicting defendant, following a jury trial, of robbery in the first degree and sentencing him to an indeterminate term of imprisonment of from 2 to 6 years, is reversed on the law and the matter remanded for a new trial.

On October 22, 1985, at approximately 12:30 P.M., Police Officer Carlos Cortez and his partner received a radio call concerning an armed robbery at the Cambridge Hotel on 110th Street in Manhattan. The officers proceeded to that location where they were met by the complainant, Eugene Jones, who informed them that he had been robbed at gunpoint by a black male. After the hotel's manager claimed to have observed a black male run into a rear first-floor apartment, they went directly to the door of the premises indicated and knocked. Officer Cortez allegedly heard "a few doors being opened and slammed", which caused him to conclude that a hostage situation existed. Defendant eventually opened the door and was identified by Jones as the perpetrator. He was thereupon placed under arrest. Although no *Miranda* warnings were administered, Officer Cortez asked defendant where the gun was. Defendant responded that he had no weapon but, following persistent questioning, admitted that he had thrown the gun on the roof. At this point, defendant was purportedly read his *Miranda* warnings. Officer Cortez then searched defendant and recovered a set of keys from either defendant's person or from his bed. The officer used the keys to unlock the closet, recovering two leather jackets. An ensuing search of the apartment and hotel roof failed to reveal any gun.

At the time of the hearing, Officer Cortez had been dismissed from the police department after an internal investigation had determined that he had participated in a conspiracy to commit murder. The Trial Judge declined to credit Cortez's testimony, finding that the search of the closet could not be justified as an emergency search for hostages or as a search incident to defendant's arrest. The court granted the motion to suppress defendant's statements and the jackets. The trial of this matter ensued. According to the complainant, who was a convicted felon, on the morning of October 22nd, he had purchased two leather jackets for $60 each from a midtown

sportswear dealer. He then went uptown to sell the jackets for $125 each and was subsequently approached by defendant with an offer to buy each jacket for $100. Defendant asserted that he did not have the money on him and requested that Jones accompany him to his home at the Cambridge Hotel on 110th Street. When they arrived at their destination, defendant asked Jones to wait outside while the former entered the building. He returned shortly thereafter and directed Jones to follow him upstairs. On the second floor landing, defendant pointed a gun at Jones and announced a "stick up." Jones tossed the jackets at defendant and ran out of the hotel into the street where he called the police from a telephone booth. Noticing a passing police car, he flagged it down; Officer Cortez and his partner were riding in the vehicle. Jones provided the officers with a description of the perpetrator and went back inside with them.

On appeal, defendant contends that it was reversible error to admit during the District Attorney's direct examination of Jones, over the defense's objection, two photographs depicting the leather jackets that had been suppressed at the conclusion of the pretrial hearing. In that connection, the People concede that the photographs should not have been allowed into evidence since they derived from an unlawful search and seizure. However, it is the prosecution's position that this single mistake constitutes no more than harmless error, claiming that there is no possibility that the admission of the photographs affected the verdict in this case. We disagree. As the Court of Appeals has stated in *People v Hamlin* (71 NY2d 750, 756), "[c]onstitutional error may be harmless only if it is harmless beyond a reasonable doubt, that is, there is no reasonable possibility that the erroneously admitted evidence contributed to the conviction". Under the circumstances herein, the possibility that the photographs had some impact on defendant's conviction can certainly not be reasonably discounted. Indeed, the first request made by the jury after the start of deliberations was for the People's exhibits, including most prominently the two photographs of the leather jackets, photographs which could not have been taken had the police not engaged in an illegal search and seizure. The fact is that introducing photographs of the jackets is scarcely different than displaying the jackets themselves. Clearly, in the absence of any explanation concerning the origin of the photographs, the jury could logically have concluded that the jackets were likely to have been seized from defendant. Moreover, in sentencing defendant to a term of imprisonment of

from 2 to 6 years, the court observed that "this is a very close case [with] sharply contested issue[s] of fact." Accordingly, allowing into evidence two photographs of items that had previously been suppressed cannot be deemed harmless error beyond a reasonable doubt. Concur—Ross, Milonas, Rosenberger and Wallach, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm.

While the ruling which suppressed the two leather jackets could be questioned, they are not needed for this affirmance.

The complaining witness described the jackets in detail, painting a word picture. The Trial Justice who issued the suppression determination permitted the photographs to be introduced at trial. This was not necessarily inconsistent. The photographs were merely representative of the word picture.

The Trial Justice offered a cautionary instruction, which was not availed of by the defendant.

The eyewitness testimony was independent of the allegedly unlawful search. *(People v Almestica,* 42 NY2d 222.)