■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH GREEN, Appellant.—Judgment of the Supreme Court, Bronx County (Ivan Warner, J.), rendered on May 25, 1989, convicting defendant, following a jury trial, of four counts of robbery in the first degree and one count of reckless endangerment and sentencing him to four concurrent indeterminate terms of imprisonment of from four to twelve years to be served concurrently with a term of two and one-third to seven years, is unanimously affirmed.

The evidence of defendant's guilt is overwhelming. His attorney, confronted with limited options for advancing a viable defense, relied upon a strategy now challenged by defendant that resulted in the introduction of otherwise inadmissible damaging evidence. However, this is not sufficient to justify a new trial. As the Court of Appeals stated in *People v Garcia* (75 NY2d 973, 974), "[t]o prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's failure to pursue 'colorable' claims". Counsel's actions herein are attributable to tactical decisions. The fact that

particular trial strategies are ultimately unsuccessful does "not automatically indicate ineffectiveness. So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (People v Baldi, 54 NY2d 137, 146-147; see also, People v Rivera, 71 NY2d 705, 708-709).

In that regard, defendant's lawyer mounted a vigorous defense, which included pretrial motions, extensive cross-examination of the People's witnesses, forceful opening and closing statements, objections, requests to charge, the retention of a private investigator and the calling of witnesses on his client's behalf. Under these circumstances, a new trial is not warranted simply because counsel's trial strategy may, in hindsight, have been unwise. As for defendant's contentions that the People improperly bolstered the identification testimony against him and that he was deprived of a fair trial by the District Attorney's cross-examination and by statements made in summation, these claims are mostly unpreserved since there was no objection at trial, and, in any event, they are without substance on the merits. Concur—Sullivan, J. P., Milonas, Kupferman and Rubin, JJ.