■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BOYTON, Appellant.—Judgment of the Supreme Court, New York County (James Leff, J.), rendered May 3, 1991, convicting defendant, after jury trial, of burglary in the third degree, four counts of grand larceny in the fourth degree, and four counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent indeterminate terms of imprisonment of from 3½ to 7 years on the burglary count and from 2 to 4 years on each remaining count, unanimously modified to the extent of reversing the conviction as to burglary in the third degree in the interest of justice and remanding the matter for a new trial on that count and, except as so modified, affirmed.

Defendant was discovered rummaging through complainant's pocketbook in a reception area adjacent to her private office. The pocketbook had been left in the office by complainant while she went out to buy food. Supreme Court instructed the jurors that, to be guilty of the crime of burglary in the third degree, it must be established that defendant unlawfully entered the reception area with the intent to commit a crime therein.

Although defense counsel interposed no objection to the court's charge, on appeal, defendant points out that a reception area is open to the public and that the trespassory element of the crime is therefore lacking. We agree *(see,*

*People v Powell,* 54 NY2d 524, 526-527; *People v Torres,* 162 AD2d 385, *lv denied* 76 NY2d 897) and, while the error is unpreserved for appellate review *(People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914), we reverse as a matter of discretion in the interest of justice (CPL 470.15 [3] [c]; *People v Jones,* 81 AD2d 22, 42). Defendant entered the reception area lawfully and cannot be found guilty of burglary based upon that entry (Penal Law § 140.20; *People v Graves,* 76 NY2d 16).

Defendant's claim that his attorney failed to provide effective assistance of counsel because counsel's summation failed to present a coherent defense theory is without merit. "A contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" *(People v Rivera,* 71 NY2d 705, 708-709, citing *People v Benn,* 68 NY2d 941). Here, counsel presented three theories upon which defendant's acquittal could have been based. Furthermore, read within the proper context, counsel's comments, rather than effectively arguing for defendant's conviction, were clearly and strategically made to encourage the jury to carefully deliberate upon the evidence.

We have considered defendant's remaining claims and find them to be meritless. Concur—Murphy, P. J., Wallach, Ross, Asch and Rubin, JJ.