■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LASHAWN MACKEY, Appellant. [773 NYS2d 27]—

Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered August 2, 2000, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 23 years, and order, same court and Justice, entered on or about February 10, 2003, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

After a thorough evidentiary hearing, the court properly denied defendant's motion to vacate his judgment of conviction, alleging ineffectiveness of counsel. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The CPL 440.10 hearing record, taken together with the record of the pretrial *Wade/Huntley* hearing, establishes that defendant received effective assistance notwithstanding that his attorney did not make a *Mapp/Dunaway* application seeking to suppress physical evidence and identification testimony as the product of an allegedly illegal search and seizure (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

At the outset, we conclude that counsel had legitimate reasons for not raising a Fourth Amendment issue at any stage of the proceedings (*see People v Garcia*, 75 NY2d 973 [1990]). Counsel explained that he had no reason to believe that defendant was illegally arrested since defendant told him that he voluntarily accompanied the police to the precinct and participated in the lineup in an effort to prove his innocence. Furthermore, at least by the time of the suppression hearing, counsel had become aware that defendant had testified (against the advice of his prior attorney) to the same effect before the grand jury. In addition, the testimony at the *Wade/Huntley* hearing established that after the police detained defendant upon reasonable suspicion, defendant voluntarily agreed to accompany them to the precinct and remain there pending a lineup. Finally, counsel credibly testified that he had little reason to seek suppression of the physical evidence recovered from defendant, consisting of distinctive clothing, because it was not particularly damaging to his defense, and because in view of the bloody nature of the crime, the lack of blood on the items helped to advance counsel's contention that defendant had been falsely accused by biased witnesses. Defendant's present disagreement with counsel's strategy is not sufficient reason to find counsel ineffective (*see People v Benevento*, 91 NY2d at 713; *People v Green*, 187 AD2d 259 [1992], *lv denied* 81 NY2d 762 [1992]).

In any event, even assuming that counsel should have made a

*Mapp/Dunaway* application at some stage of the proceedings, such an application would have been unavailing. It is undisputed that the police initially detained defendant upon reasonable suspicion. The People could have easily met their burden of proving voluntary consent (*compare Kaupp v Texas*, 538 US 626 [2003]), particularly if they had introduced defendant's grand jury testimony in which he conceded this point.

Furthermore, even if counsel had succeeded in obtaining suppression of the clothing recovered from defendant and lineup identifications by certain witnesses, this would have had little impact. This evidence was not critical to defendant's principal defense, which was a claim of deliberate false accusation rather than mistaken identity. Moreover, suppression of the clothing would not have entitled defendant to suppression of the officers' observations of the same clothing, made prior to any illegal conduct (*People v Dory*, 59 NY2d 121, 126-127 [1983]; *People v Young*, 55 NY2d 419 [1982], *cert denied* 459 US 848 [1982]).

The challenged portions of the People's summation generally constituted fair comment on the evidence in response to defense arguments, and the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Nardelli, J.P., Andrias, Sullivan and Lerner, JJ.