OPINION OF THE COURT
Eileen N. Nadelson, J.
Defendant is charged with violation of section 165.15 (3) of the Penal Law, which states:
*598 “A person is guilty of theft of services when: . . .
“3. With intent to obtain railroad, subway, bus, air, taxi or any other public transportation service without payment of the lawful charge therefor, or to avoid payment of the lawful charge for such transportation service which has been rendered to him, he obtains or attempts to obtain such service or avoids or attempts to avoid payment therefor by force, intimidation, stealth, deception or mechanical tampering, or by unjustifiable failure or refusal to pay.”
In the sworn complaint, the affiant states that “the informant observed the defendant entering the New York City Subway System without paying the lawful fare by doubling up through a turnstile with another person.” (The informant is a police officer and the file contains his sworn statement.)
Defendant now moves to dismiss the accusatory instrument for facial insufficiency pursuant to CPL 170.30 (1). Defendant’s argument relies on the fact that two people were involved in the alleged theft of services, but only defendant was charged with the offense. Defendant states that the accusatory instrument, on its face, does not demonstrate that it was defendant who did not pay the required fare; since one party must have paid the lawful fare to get the turnstile to operate and the accusatory instrument fails to provide any information about the other party, the accusatory instrument does not establish that a crime has been committed by defendant since there is no information as to which party paid the lawful tariff.
Under section 100.40 of the CPL, a misdemeanor information is facially sufficient if the nonhearsay facts stated in the said information establish each and every element of the offense charges, as well as the defendant’s commission of the crime. If both of these factors are present, the information is deemed to be facially sufficient. (People v Primus-Ruben, 9 Misc 3d 1128[A], 2005 NY Slip Op 51821[U] [Crim Ct, Kings County 2005].) In the instant case, the complaint does not contain sufficient information to substantiate the allegation that defendant was the one who failed to pay the fare.
In their opposition the People argue that neither of the two individuals who entered the turnstile paid the lawful fare and that both are guilty of “doubling up.” However, the People provide no evidence that supports the proposition underlying this argument that the turnstile could operate without at least *599 one person making the appropriate payment. Additionally, the People’s allegation that both individuals who “double up” may be guilty of violating section 165.15 (3) of the Penal Law could only be true if both parties intended to evade payment. Since the other person involved in this incident was not arrested, nor is any information provided about him or her, the court cannot assume that this person was acting in collusion with defendant or that he or she violated the law. It is possible that one person paid the fare and then a stranger jumped into the turnstile with the lawful passenger.
The People also argue that none of the cases cited by defendant are directly on point, an argument with which the court agrees. However, the court could find no judicial decision concerning this type of factual situation, and consequently the court believes this is a case of first impression with respect to theft of services caused by doubling up in a subway turnstile.
The court notes that the People are permitted to amend or supersede a criminal court complaint at any time prior to trial pursuant to the provisions of section 100.50 of the CPL. (People v Lopez, 8 Misc 3d 873 [Crim Ct, Kings County 2005].) However, in the case at bar, the People have failed to request the opportunity to supersede the complaint. Therefore, the court must grant defendant’s motion and declares the accusatory instrument to be facially insufficient to maintain the charge.