OPINION OF THE COURT
Robert M. Mandelbaum, J.
Charged by information with theft of services and criminal trespass in the third degree, defendant moves to dismiss the accusatory instrument for facial insufficiency, contending that the sworn allegations fail to establish that she entered a subway *870 station beyond the turnstiles without paying the required fare — an essential element of both charges.
In order to be sufficient on its face, an information must provide reasonable cause to believe that the defendant has committed the crime charged and contain nonhearsay allegations that, if true, establish every element of the crime and its commission by the defendant (see CPL 100.40 [1] [b], [c]). When, with intent to obtain subway service without payment of the lawful charge, a person obtains or attempts to obtain such service by unjustifiable failure or refusal to pay, he or she has committed theft of services (see Penal Law § 165.15 [3]). The crime thus has two essential elements — intent to obtain public transportation service without payment of the lawful charge, and unjustifiable failure to pay (see CJI2d[NY] Penal Law § 165.15 [3]). Defendant primarily challenges the sufficiency of the allegations offered to establish the second element — the failure to pay.
As relevant here, criminal trespass in the third degree is committed when a person knowingly enters or remains unlawfully upon real property that is enclosed in a manner designed to exclude intruders (see Penal Law § 140.10 [a]). Inasmuch as the information alleges that the subway station entered by defendant was enclosed, in a manner designed to exclude those who do not pay the required fare, by both gates and the turnstiles through which she allegedly passed, the trespass charge stands or falls with the theft-of-services charge. In other words, a failure to allege sufficiently that defendant failed to pay would be tantamount to a failure to allege that she entered the subway system unlawfully — an essential element of criminal trespass. On the other hand, if the information suffices to establish defendant’s failure to pay, thus rendering it sufficient to support the charge of theft of services, the trespass charge would suffice as well.
The information here alleges that defendant entered the subway station “without paying the required fare, by doubling up through a turnstile with another person.” Defendant argues that when a charge of theft of services is premised on two persons having gone together through a turnstile, that charge is insufficiently pleaded in the absence of an allegation that it was the defendant, as opposed to the second person, who failed to pay the fare. Noting that a turnstile will not operate unless someone has paid the admittance charge, defendant contends that it simply cannot be that neither of two individuals who are *871 alleged to have doubled up has paid the required fare. That being so, she maintains an information that fails to specify that it was the charged defendant who didn’t pay is defective as against that defendant.
Of course, that one of two persons who go through a turnstile together must have paid the fare does not preclude both from being guilty of theft of services, as long as the person who actually paid acted with the intent that the nonpayer obtain public transportation service without payment of the lawful charge, and aided the nonpayer to obtain such service without paying (see Penal Law § 20.00 [liability through accessorial conduct]). Nor would the failure to specify whether a defendant is charged as a principal or an accomplice (or both) render an accusatory instrument insufficient on its face (see People v Rivera, 84 NY2d 766, 769 [1995] [“(w)hether a defendant is charged as a principal or as an accomplice to a crime has no bearing on the theory of the prosecution”]; People v Duncan, 46 NY2d 74, 79-80 [1978]). Rather, in that circumstance the defendant would simply be entitled to a bill of particulars (see CPL 100.45 [4]; 200.95).
Here, however, the accusatory instrument does not allege that defendant, having paid the fare, permitted another to double up through the turnstile with her. Instead, the information expressly alleges that defendant herself failed to pay, stating that a police officer “observed the defendant enter the subway station beyond the turnstiles . . . without paying the required fare, by doubling up through a turnstile with another person” (emphasis added).
“So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]). According to the plain language of the accusatory instrument, defendant stands accused — by a police officer who swears that he so observed her — of actually failing to pay the fare while nevertheless gaining entry into the subway station by going through a turnstile with someone else. And inasmuch as the turnstile actually turned — after all, defendant is charged not with jumping over the turnstile, but with doubling up through it — thereby admitting both defendant and the other person into the station, it must, based on a fair reading of the information, be the other person who is alleged to have actually paid the fare.
*872 To be sure, the People must prove these allegations beyond a reasonable doubt at trial. Defendant asserts in her motion papers that although she did pay her fare, her 14-year-old son, without her knowledge, “pushed through behind her without paying.” But for purposes of a motion to dismiss for facial insufficiency, the court’s analysis is limited to the four corners of the accusatory instrument (see People v Thomas, 4 NY3d 143, 146 [2005]), and the allegations contained in the pleadings must be accepted as true. As long as those allegations, “if true” (CPL 100.40 [1] [c]), constitute the crime charged, the information is not defective (see CPL 170.30 [1] [a]; 170.35 [1] [a]).
Here, the allegations suffice to establish that defendant entered the subway station without paying in violation of Penal Law § 165.15 (3). To the extent that People v Best (12 Misc 3d 597 [Crim Ct, Kings County 2006]) holds to the contrary, this court declines to follow it. Accordingly, defendant’s motion to dismiss for facial insufficiency is denied.
Defendant also moves to suppress physical evidence recovered from her person — MetroCards and currency — on the ground that she was arrested without probable cause. The People, however, have stipulated that they do not intend to introduce this evidence in the criminal action. As a result, defendant’s motion to suppress must be summarily granted (see CPL 710.60 [2] [b]). And since suppression of the physical evidence mandates exclusion not only of the items themselves as exhibits at trial, but also of any testimony as to the police officer’s observations of such items in the possession of defendant at the time of her arrest for the charged crimes (see People v Dory, 59 NY2d 121, 126-127 [1983]; People v Simmons, 150 AD2d 206, 207 [1st Dept 1989]; 6 LaFave, Search and Seizure § 11.4 [h], at 362-363 [4th ed]),* no hearing into the legality of her arrest is necessary.
Nor is a hearing necessary with respect to defendant’s post-arrest photograph, which she contends is a suppressible fruit of her allegedly unlawful detention. Under the circumstances of this case, evidence of defendant’s postarrest appearance, as memorialized in the arrest photo, is irrelevant to the charged offenses. This is not a case in which the arrest photo, alleged to have been obtained on the basis of an unlawful seizure, is used *873 in a later identification procedure that is itself the subject of a suppression motion (cf. People v Howard, 90 Misc 2d 662 [Sup Ct, NY County 1977]). In the absence of some indication that the People intend to introduce the arrest photo for some relevant and permissible purpose at trial, a hearing is unwarranted, even assuming defendant were able to demonstrate at the hearing that her seizure was unlawful. Were it otherwise, Fourth Amendment hearings would be required in every case in which the defendant is able to allege facts supporting a claim of unlawful detention, even though no other evidence has been recovered, since arrest photographs are routinely taken (see CPL 160.10 [3]). Suppression hearings, however, are “not available merely for the asking” (People v Mendoza, 82 NY2d 415, 425 [1993] [citation and internal quotation marks omitted]).
Defendant’s motion to preclude the People from impeaching her credibility with evidence of any prior convictions (see People v Sandoval, 34 NY2d 371 [1974]) or uncharged criminal, vicious or immoral conduct (see CPL 240.43) is referred to the trial court, as is her motion to preclude the People from introducing such evidence on their direct case (see People v Molineux, 168 NY 264 [1901]; People v Ventimiglia, 52 NY2d 350 [1981]).

 Suppression of items of physical evidence would not, however, result in the exclusion of relevant testimony as to any observations of such evidence made prior to any allegedly unlawful police conduct (see People v Mackey, 5 AD3d 136, 138 [1st Dept 2004]).