[995 NYS2d 658]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM O., Appellant.

Supreme Court, Appellate Term, First Department, April 24, 2014

### APPEARANCES OF COUNSEL

*The Legal Aid Society*, New York City (*Sheilah Fernandez* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Naomi C. Reed* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Judgment of conviction, rendered April 5, 2012, affirmed.

Defendant's present challenge to the facial sufficiency of the accusatory instrument is lacking in merit. The information—comprising the misdemeanor complaint and the arresting police officer's supporting deposition—alleged that at a specified time defendant entered into a designated subway station "beyond the turnstiles," without permission or authority to do so and without paying the required fare, "by doubling up through a turnstile with another person." Giving the sworn police allegations "a fair and not overly restrictive or technical reading" (*People v Casey*, 95 NY2d 354, 360 [2000]), and "drawing reasonable inferences from all the facts set forth in the accusatory instrument" (*People v Jackson*, 18 NY3d 738, 747 [2012]), we find the People's pleading sufficient to establish reasonable cause to believe and a prima facie case that defendant committed the offense of theft of services (Penal Law § 165.15 [3]; *see People v Lang*, 14 Misc 3d 869 [2007]). Contrary to defendant's contention, the accusatory instrument is not jurisdictionally infirm due to the absence of specific allegations as to whether the requisite fare was paid by the unidentified person with whom defendant "doubl[ed] up." In this regard, it suffices to say that the People met their pleading obligations with respect to the failure to pay element of theft of services by way of the arresting officer's unequivocal statement that defendant failed to pay the fare. Defendant's culpability under the theft of services statute was sufficiently pleaded irrespective of the manner in which the turnstile mechanism may have been triggered. To the extent that *People v Best* (12 Misc 3d 597 [2006]) can be read to support a contrary result, we decline to follow it.

HUNTER, JR., J.P., LOWE, III, and SHULMAN, JJ., concur.