The People of the State of New York, Respondent,
against
Cedric Mann, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Lynn R. Kotler, J.), rendered July 11, 2012, convicting him, upon his plea of guilty, of theft of services, and imposing sentence.




Per Curiam.
Judgment of conviction (Lynn R. Kotler, J.) rendered July 11, 2012, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v. Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe the defendant was guilty of theft of services (see Penal Law § 165.15[3]), the offense to which he ultimately pleaded guilty. Defendant's intent to unlawfully obtain subway service is reasonably inferred from the surrounding circumstances of his actions (see People v Bracey, 41 NY2d 296, 301 [1977]), including his entry into the subway system "without paying the required fare, by pulling the wheel of a turnstile backwards and slipping through" (see People v Pin, 41 Misc 3d 128[A], 2013 NY Slip Op 51681[U] [App Term, 1st Dept. 2013], affd on other grounds 26 NY3d 332 [2015]; see also People v. Barlow, 46 Misc 3d 148[A], 2015 NY Slip Op 50237[U] [App Term, 1st Dept 2015], lv denied 25 NY3d 1069 [2015]; People v Adam O., 45 Misc 3d 48 [2014], lv denied 23 NY3d 1033 [2014]).
Defendant's guilty plea was knowing, intelligent and voluntary (see People v Tyrell, 22 NY3d 359, 365 [2013]; People v Harris, 61 NY2d 9, 16-19 [1983]), despite the absence of a full enumeration of the Boykin rights (see People v Sougou, 26 NY3d 1052 [2015]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: September 27, 2016