People v Quiles (2023 NY Slip Op 03555)

People v Quiles

2023 NY Slip Op 03555

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Higgitt, JJ. 

Ind. No. 1274/17 Appeal No. 571 Case No. 2019-02816 

[*1]The People of the State of New York, Respondent,
v
Michael Quiles, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered April 24, 2019, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of 10 years, and order, same court and Justice, entered March 1, 2022, which denied defendant's 440.10 motion to vacate the judgment, unanimously affirmed.
The court providently exercised its discretion in denying defendant's CPL 440.10 motion, without granting a hearing (see People v Delorbe, 35 NY3d 112, 121 [2020]; People v Samandarov, 13 NY3d 433, 439-440 [2009]). The record supports the motion court's findings (74 Misc 3d 953 [Sup Ct, Bronx County 2022]), in which it rejected defendant's Sixth Amendment claim under McCoy v Louisiana (584 US __, 138 S Ct 1500 [2018]) and his claim of ineffective assistance of counsel.
Contrary to defendant's contention, his trial lawyers did not concede his guilt on the weapon possession count against his wishes. They conceded that he "ended up with" the weapon, but they asked the jury to acquit defendant of all charges, including the weapon charge, arguing that he had acted in self-defense, and suggesting that he had disarmed one of his assailants. Accordingly, because counsel maintained defendant's innocence, there was no McCoy violation (see People v Maynard, 176 AD3d 512, 513 [1st Dept 2019], lv denied 34 NY3d 1079 [2019]).
The court also properly denied the branch of the motion claiming ineffective assistance (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Counsel's unsuccessful pursuit of a temporary and lawful possession charge did not demonstrate their ineffectiveness, and their presentation of alternative defenses and emphasis on the justification defense was a plausible strategy that resulted in defendant's acquittal of the most serious charges in the indictment. The attorneys were not ineffective for failing to pursue a necessity or choice-of-evils defense (Penal Law § 35.05[2]), because, as the motion court explained, there was no reasonable possibility that such a jury charge would have been granted.
At trial, the court providently exercised its discretion in admitting a surveillance videotape, based on authentication testimony that was sufficient under the circumstances (see People v Brown, 203 AD3d 666, 667 [1st Dept 2022], lv denied 38 NY2d 1132 [2022]; People v Davis, 201 AD3d 508, 509 [1st Dept 2022], lv denied 38 NY3d 1133 [2022]). In any event, this particular videotape, which did not depict defendant, added little or nothing to the People's case and any error in admitting the tape was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's Second Amendment claim is unpreserved and we decline to review it in the interest of justice (see People v Adames,__ AD3d __, 2023 NY Slip Op 02623 [1st Dept 2023]). As an alternative holding, we find that on the present record defendant has [*2]failed to establish that Penal Law § 265.03(3) is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (__ US __, 142 S Ct 2111 [2022]), or that he would be entitled to vacatur of his conviction on that basis.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023