| People v Jianqiao Lu |
|:---:|
| 2023 NY Slip Op 34736(U) |
| November 27, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Ind. No. 23-70515-001 |
| Judge: Robert A. Neary |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED
AND
ENTERED
ON 11-27- 2023
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

- against -

JIANQIAO LU,

                                        Defendant.
-------------------------------------------------------------------X

DECISION AND ORDER

Ind. No. 23-70515-001

NEARY, J.

The defendant moves, *pro se*, for a "rehearing" of a previously decided motion on the grounds that the previous motion contained legal defects which would effect his rights on appeal. To the extent that the defendant's papers can be viewed as a motion to reargue, the motion is denied.



FILED

NOV 2 7 2023

. U. IDONI
...TY CLERK
COUNTY OF WESTCHESTER

A motion to reargue is governed by CPLR §2221(d) and must be based on a showing that the court overlooked or misapprehended the facts or the law in its prior determination. [See *New York Cent. Mut Ins. Co. v. Davalos*, 39 AD3d 654 (2nd Dept. 2007)].

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion." [See CPLR §2221(d)(2)]. A motion for leave to reargue "is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented." [See *McGill v. Goldman*, 261 AD2d 593 (2nd Dept. 1999)]. Since the motion to reargue must "be based upon matters of fact or law allegedly overlooked or misapprehended," its purpose is to offer the unsuccessful party an opportunity to persuade the court to change its decision, not provide a second chance to more strenuously advance its argument or present an argument that it initially did not. In the present case, the defendant is seeking to advance new arguments not presented in his prior motion. The motion is, therefore, denied on that basis.

To the extent that the defendant's papers can be viewed as a request to file an entirely new motion to dismiss, it must be denied. CPL §255.20(1) clearly states that "except as otherwise expressly provided by law, whether the defendant is represented by counsel or elects to proceed *pro se*, all pre-trial motions shall be served and filed within forty-five (45) days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment. The motion is untimely

[* 2]

and the Court finds no basis to enlarge the time requirement in light of the two (2) previously filed motions.

In any event, after reviewing the defendant's papers, the Court finds no merit to the defendant's arguments and, therefore, no basis to permit further submissions on this matter. The Court's decision in the previous motion found that the defendant it not entitled to dismissal of the charges on the theory that the statues under which he is charged are unconstitutional. Moreover, the Supreme Court decision in *Bruen* does not confer upon residents of New York an absolute or unfettered right to firearms and large capacity ammunition feeding devices in their homes. The United States Supreme Court did not invalidate New York's pistol licensing scheme in its entirety, it merely found that the "proper cause standard" it previously applied when applicants sought to carry concealed weapons for the purpose of self-defense was violative of the Fourteenth Amendment. [See *Bruen*, 142 S. Ct. at 2156). Specifically, the *Bruen* court found this standard "prevent[ed] law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms" by requiring them to "demonstrate to the government officers some special need" to do so. [See *Bruen,* 142 S. Ct at 2156].

The defendant's contention that the *Bruen* decision invalidates Article 265 of the Penal Law is without merit. The Appellate Division, Second Department has opined that "[t]he ruling in *Bruen* had no impact on the constitutionality of New York State's criminal possession of a weapon statutes." [See *People v. Manners*, 217 AD3d 683 (2nd Dept. 2023), citing *People v. Williams*, 78 Misc.3d 1205(A) (Sup. Ct., Erie County 2023); *People v. Joyce*, __ AD3d __, 2023 NY App. Div. LEXIS 4243 (2nd Dept. 2023); see also *People v. Adames*, 216 AD3d 519 (1st

*People v. Jianqiao Lu*
Indictment No. 23-70515-001

Dept. 2023) (finding *Bruen* did not render Penal Law §265.03(3) unconstitutional); *People v. Quiles*, 217 AD3d 635 (1st Dept. 2023)].

The statutes under which the defendant is charged are clearly constitutional. His attempts to modify the argument to raise an unconstitutional "as applied" issue are utterly without merit.

The defendant's motion is, therefore, denied.

This constitutes the opinion, decision and order of this Court.

Dated: White Plains, New York
November 27, 2023

_____
ROBERT A. NEARY
SUPREME COURT JUSTICE

Catalina Blanco Buitrago
Annmarie Stepancic
Assistant District Attorneys
Westchester County
Office of the District Attorney
Richard J. Daronco Courthouse
111 Martin Luther King Blvd.
White Plains, New York 10601
cblancobuitrago@westchesterda.net

Jianqiao Lu
Inmate No. 265008
*Por Se* Defendant
Westchester County Jail
PO Box 10
Valhalla, New York 10595
lu@luvrocah.com

[* 4]