People v Ascencio (2026 NY Slip Op 01739)

People v Ascencio

2026 NY Slip Op 01739

Decided on March 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 24, 2026

Before: Manzanet-Daniels, J.P., Shulman, Rodriguez, Higgitt, Rosado, JJ. 

Ind. No. 2537/17|Appeal No. 6176-6176A|Case No. 2019-1981, 2024-07432|

[*1]The People of the State of New York, Respondent,
vBridgitte Ascencio, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Bryan S. Furst of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Steven A. Levy of counsel), for respondent.

Judgment, Supreme Court, New York County (Michele S. Rodney, J.), rendered December 14, 2018, as amended March 19, 2019, convicting defendant, after a jury trial, of burglary in the second degree, attempted burglary in the second degree, and stalking in the third degree, and sentencing her to an aggregate term of four years; and order, same court and Justice, entered on or about October 24, 2024, which denied her CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court properly denied defendant's CPL 440.10 motion without conducting a hearing, as "the motion could be determined on the trial record and defendant's submissions on the motion" (People v Satterfield, 66 NY2d 796, 799 [1985]; see also CPL 440.30[4][a]). Upon the combined record, the motion court correctly rejected defendant's Sixth Amendment claim under McCoy v Louisiana (584 US 414 [2018]) and her claim of ineffective assistance of counsel (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
Contrary to defendant's contentions, her trial lawyer did not concede her guilt of harassment in the first degree and burglary in the second degree (see People v Quiles, 217 AD3d 635, 635 [1st Dept 2023], lv denied 40 NY3d 1094 [2024]). In the face of overwhelming evidence that defendant committed the acts at issue, including sending numerous strange and sexualized voicemails, emails, and text messages to the victim and showing up uninvited at her apartment door, defense counsel presented a consistent, reasonable defense to the third-degree stalking charges by arguing that defendant's conduct was not "likely to cause [the victim] to reasonably fear physical injury" (Penal Law § 120.50[3]); and to the second-degree burglary charges by challenging the element of "intent to commit a crime" inside the building (Penal Law § 140.25; see People v Green, 187 AD2d 259, 259 [1st Dept 1992], lv denied 81 NY2d 762 [1992]). Throughout the trial, counsel vigorously challenged the evidence that the victim had an objectively reasonable fear of physical injury and thus did not concede defendant's guilt of first-degree harassment (see Penal Law § 240.25). In context, counsel's use of the terms "harassing" and "harassment" during his summation amounted to colloquial speech, as he urged the jury to conclude that defendant's acts were non-criminal, annoying, and bothersome conduct that distressed but did not physically threaten the victim (see People v Boyton, 189 AD2d 721, 722 [1st Dept 1993]). At the end of his summation, counsel expressly asked the jury to acquit defendant of the burglary and stalking charges. Accordingly, "because counsel maintained defendant's innocence, there was no McCoy violation" (Quiles, 217 AD3d at 635).
Counsel was also not ineffective for failing to object to the supplemental jury charge (see People v Stultz, 2 NY3d 277, 287 [2004]). The jury asked whether "harassment alone is a crime." In response, the court correctly informed the jury that harassment in the first degree was a crime and provided the jury with the statutory definition, while twice emphasizing that "defendant is not charged with that crime" (see Penal Law §§ 10.00[6], 240.25). To the extent the record permits review of defendant's claim that counsel was required to ask the court to also provide the jury with the definition of harassment in the second degree, counsel may have reasonably determined that this ran the risk of confusing the jury and diverting their attention from relevant issues (see People v Smith-Merced, 50 AD3d 259, 259 [1st Dept 2008], lv denied 10 NY3d 939 [2008]), as the intent to commit a violation is not an "intent to commit a crime" sufficient to support a burglary charge (Penal Law § 140.25; see Penal Law § 10.00[6]; see also People v Fermin, 231 AD2d 436, 436-437 [1st Dept 1996]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2026